ALVIN H. LEE SBN 284718
Law Offices of Alvin H. Lee
6400 Village Pkwy, Ste 201
Dublin, CA 94568
Telephone: (925) 338-9882
Email: ahl@alvinleelaw.com

Attorney for Plaintiff,
LIFE SYSTEMS SOFTWARE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LIFE SYSTEMS SOFTWARE INC.**, a California corporation, <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **LIFE SYSTEMS, INC.**, a New Jersey corporation; **PAUL B. BINDELL**, an individual; **AVRAHAM BINDELL**, an individual, and **DOES 1 through 20**, inclusive, <br><br> **Defendants** | **Case No.: 3:16-CV-6322** <br><br> **COMPLAINT FOR:** <br> (1) **Fraud;** <br> (2) **Breach of Contract;** <br> (3) **Negligence; and** <br> (4) **Foreseeability** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff LIFE SYSTEMS SOFTWARE INC., a California corporation ("Plaintiff"), files this Complaint against Defendants LIFE SYSTEMS, INC., a New Jersey corporation, PAUL B. BINDELL, AVRAHAM BINDELL, and DOES 1-20 (hereafter collectively referred to as "Defendants"), hereby allege as follows:

## PARTIES

1.    Plaintiff is a corporation organized and existing under the laws of the State of California and has its principal place of business in San Ramon, California.

2.    On information and belief, Defendant LIFE SYSTEMS, INC. ("Life Systems") is now, and at all times relevant herein was, a corporation organized and existing under the laws of the State of New Jersey and has its principal place of business in Rockaway, New Jersey.

3.      On information and belief, Defendant PAUL B. BINDELL. ("P. Bindell") is now, and at all times relevant herein was, a domiciled resident of the State of New Jersey, located in Rockaway, New Jersey.

4.      On information and belief, Defendant AVRAHAM BINDELL. ("A. Bindell") is now, and at all times relevant herein was, a domiciled resident of the State of New Jersey, located in Rockaway, New Jersey.

5.      The true names and capacities of Does 1 through 20, inclusive, are unknown to Plaintiff, which therefore sues Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as "DOE" is legally and/or equitably responsible in some manner for the events, transactions, occurrences, and happenings alleged herein. Plaintiff will amend this Complaint to allege the true names and capacities of these fictitiously named Defendants when they are ascertained.

6.      On information and belief, at all times herein mentioned each of the Defendants was the agent, servant, employee and/or co-conspirator of each of the other Defendants, and, in doing the acts hereinafter alleged, was acting within the course and scope of their authority as such agent, servant, employee and/or co-conspirator with the permission and consent of their co-Defendants and, further, that the Defendants, and each of them, have authorized, ratified and approved the acts of each of the other Defendants with full knowledge of those acts.

## VENUE AND JURISDICTION

7.      The Court has jurisdiction over this action pursuant to 28 U.S. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

8.      Venue lies within this district because a substantial part of the events giving rise to these claims occurred in this district.

9.      This action arises in Contra Costa County because a substantial part of the events giving rise to the claim occurred in Contra Costa County.

## **FACTUAL ALLEGATIONS**

10.     On information and belief, Defendant Life Systems provided patient management software services to chiropractic offices across the United States. Defendant Life Systems provided software called "ChiroSuite" to assist chiropractic offices manage appointment scheduling, patient billing, insurance processing, phone-call logging, project management, and other chiropractic office functions.

11.     On or about February 2015, Plaintiff and Defendants began preliminary discussions and performance of due diligence regarding Plaintiff's purchase of identified bulk assets owned by Defendant Life Systems.

12.     On or about December 24, 2015, Plaintiff and Defendants entered into a written agreement (the "Agreement") where Plaintiff agreed to purchase from Defendants the bulk assets of Defendant Life Systems for a sum of $370,000. Pursuant to the Agreement, $19,000 was paid by the execution of the Agreement, $271,000 paid at the closing date of the Agreement, and $80,000 was paid in the form of a promissory note. The closing date of the Agreement was twenty-one (21) days from the execution date of the Agreement. The Agreement is attached as Exhibit A.

13.     As a material term of the Agreement, Defendants agreed to guarantee the completion of the Meaningful Use Certification regarding the assets sold pursuant to the Agreement ("Meaningful Use Certification") within 60 days after the closing date at the expense of the Defendants, which was March 14, 2016. The Agreement identified that Defendants' failure to comply with the guarantee constituted a material breach of the Agreement.

14.     On information and belief, on or about January 2016, Defendants subcontracted Chronic Watch Pvt. Ltd, an information technology company based in India ("Chronic Watch"), to complete the Meaningful Use Certification.

15.     On information and belief, Defendants failed to comply with the completion of the Meaningful Use Certification regarding the assets sold pursuant to the Agreement by March 14, 2016.

16.     Plaintiff performed pursuant to the Agreement by abiding, including complying with the terms of the Agreement in payment of the applicable consideration.

17.      On or about March 25, 2016, Plaintiff contacted Defendants regarding the breach and delay to the completion of certification.

18.     On information and belief, on or about March 27, 2016, Defendant A. Bindell admitted knowledge that the Meaningful Use Certification remained incomplete.

19.     On or about March 29, 2016, Defendants provided Plaintiff a list of components that remained outstanding and incomplete but necessary for certification.

20.     On or about March 30, 2016, Plaintiff contacted Defendants through e-mail regarding the incomplete certification but did not receive a response.

21.     On or about April 11, 2016, Defendants informed Plaintiff of the additional delays and outstanding components to be completed.

22.     On or about April 12, 2016, Defendants informed Plaintiff of the additional delays and outstanding components to be completed.

23.     On or about May 3, 2016, Plaintiff contacted Defendants regarding the incomplete Meaningful Use Certification but did not receive a response.

23.     On or about May 9, 2016, Defendants informed Plaintiff of the additional delays and outstanding components to be completed.

24.     On or about May 15, 2016, Defendants informed Plaintiff of the additional delays and outstanding components to be completed.

25.     On or about May 16, 2016, Defendants informed Plaintiff of the additional delays and outstanding components to be completed.

26.     On information and belief, on or about May 19, 2016, Chronic Watch acknowledged that there have been unaccounted delays to the completion of the Meaningful Use Certification.

27.     On or about June 7, 2016, Chronic Watch informed Plaintiff of additional delays due to the Defendants' inaction.

28.     On or about July 5, 2016, Chronic Watch informed Plaintiff additional delays to the completion of the Meaningful Use Certification.

29.     On or about July 7, 2016, Defendant A. Bindell informed Plaintiff of additional delays due to Chronic Watch's inaction.

30.     On or about July 10, 2016, Chronic Watch informed Plaintiff of completion by July 11, 2016. Chronic Watch did not complete on July 11, 2016.

31.     On or about July 12, 2016, Chronic Watch informed Plaintiff of completion by July 13, 2016. Chronic Watch did not complete on July 13, 2016.

32.     On or about July 12, 2016, Defendant A. Bindell informed Plaintiff that Defendants had been trying to complete certification but that Defendants did not create the software. Defendant A. Bindell also informed Plaintiff that delays have been attributable to Chronic Watch's inaction.

33.     On or about July 21, 2016, Plaintiff informed Defendants that Plaintiff was incurring substantial cost out of pocket due to Defendants' breach of contract, including out-of-pocket expenses of $3,750 per month and irreparable damage to the software's use in the marketplace and the reputation of the software in the marketplace.

34.     As a direct result of Defendants' breach of the Meaningful Use Certification warranty and representation of the Agreement, Plaintiff has suffered and continues to suffer damages to maintain the incomplete certification, rapid attrition of customers due to the incomplete certification, and an increasingly and irreparable negative reputation within the chiropractic

industry that prevents Plaintiff from obtaining new customers or even retaining a large number of prior customers.

## FIRST CAUSE OF ACTION

### Fraud as to all Defendants

35.    Plaintiff repeats and realleges paragraphs 1 through 34, as though fully set forth herein.

36.    Defendants promised Plaintiff that the Meaningful Use Certification would be completed for the assets sold pursuant to the Agreement by March 14, 2016.

37.    Defendants were aware that certification had been repeatedly delayed since September 2015 and was outside of the Defendants' control, but Defendants did not disclose this fact to Plaintiff until July 26, 2016.

38.    Defendants intentionally deceived Plaintiff, assuring Plaintiff that the Meaningful Use Certification would be completed on time pursuant to the Agreement.

39.    Plaintiff relied on Defendants' assurances and guarantee that the Meaningful Use Certification would be completed by March 14, 2016.

40.    Relying on Defendants misrepresentation, Plaintiff has suffered enormous costs and expenses, including out of pocket expenses and a significant devaluation of the assets acquired pursuant to the Agreement.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

### Breach of Contract as to All Defendants

40.    Plaintiff repeats and realleges paragraphs 1 through 39, as though fully set forth herein.

41.    Plaintiff complied with all obligations pursuant to the Agreement.

42.     Defendants failed to complete the Meaningful Use Certification within sixty days of the closing of the Agreement, which was as a material term of the Agreement. The Meaningful Use Certification remains incomplete.

43.     As a proximate cause of Defendants' breach, Plaintiff has suffered significant losses in expenses incurred, loss of income, loss of customer renewals, loss of future customers, and irreparable damage to the assets purchased.

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION

### Negligence as to All Defendants

44.     Plaintiff repeats and realleges paragraphs 1 through 43, as though fully set forth herein.

45.     Defendants failed to exercise, in the given circumstances, the degree of care, precaution and vigilance that a reasonably prudent party would use under the same or similar circumstances.

46.     As a proximate cause of Defendants' negligence, Plaintiff has suffered significant losses in expenses incurred, loss of income, loss of customer renewals, loss of future customers, and irreparable damage to the assets purchased.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION

### Foreseeability as to All Defendants

47.     Plaintiff repeats and realleges paragraphs 1 through 46, as though fully set forth herein.

48.     Defendants were aware of the probable and foreseeable consequences that may reasonably have been anticipated by Defendants' failure to perform pursuant to the Agreement.

49.     As a proximate cause of Defendants' failure to act reasonably under similar circumstances and by use of ordinary care, Plaintiff has suffered significant losses in expenses incurred, loss of income, loss of customer renewals, loss of future customers, and irreparable damage to the assets purchased.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.     Rescission of the Agreement, including but not limited to the immediate return of all consideration paid by Plaintiff to Defendants, and compensatory, statutory, consequential, and special damages incurred by Plaintiff, not less than $400,000.

2.     Alternative to rescission, compensatory damages, statutory damages, consequential or special damages, punitive or treble damages, and such other relief according to proof;

3.     Pre-judgment and post-judgment interest on such monetary relief;

4.     For costs of suit, including for attorney fees, which are permitted by the Agreement; and

5.     *For any other and further relief as the Court deems just and proper.*

DATED: November 1, 2016                    Law Offices of Alvin H. Lee,

Alvin H. Lee
Attorney for Life Systems Software Inc.

## JURY DEMAND

Plaintiff respectfully requests a jury trial on all issues triable thereby.


DATED:  November 1, 2016                    Law Offices of Alvin H. Lee,


                                            Alvin H. Lee
                                            Attorney for Life Systems Software Inc.

COMPLAINT